Cody Cooper (SBN 304730)
cody@handslawgroup.com
Anoush Hakimi (SBN 228858)
anoush@handslawgroup.com
Peter Shahriari (SBN 237074)
peter@handslawgroup.com
**THE LAW OFFICE OF HAKIMI & SHAHRIARI**
15760 Ventura Blvd.
Suite 650
Encino, CA 91436
Telephone: (888) 635-2250
Facsimile: (213) 402-2170

Attorneys for Plaintiff,
**JOSE PERALES**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF ORANGE

| | |
|---|---|
| JOSE PERALES, an individual,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>6TH/VERMONT RX ASSOCIATES, LLC, a California limited liability company; ESSEX PROPERTY TRUST, INC., a Maryland corporation; and DOES 1-10,<br><br>　　　Defendants. | Case No.: 30-2023-01349593-CU-CR-NJC<br><br>Assigned for All Purposes<br>Assigned to: Judge Nathan Vu<br><br>**Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of:**<br><br>1. The Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601 et seq.;<br>2. California Fair Employment and Housing Act, Cal. Gov't Code § 12955 et seq.;<br>3. California Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq.;<br>4. California Disabled Persons Act, Cal. Civ. Code § 54.1 et seq.; and |

VERIFIED COMPLAINT

Exhibit 2

DocuSign Envelope ID: E3868194-2EFE-443A-B3E5-62FBA5D2BF54

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff Jose Perales (hereinafter referred to as "Plaintiff") complains of 6th/Vermont RX Associates, LLC, a California limited liability company; Essex Property Trust, Inc., a Maryland corporation ; and Does 1-10 (each, individually a "Defendant," and collectively "Defendants"), and alleges as follows:

## I.    PARTIES

1.    Plaintiff Jose Perales has paralysis in his legs, preventing him from being able to walk or stand. Plaintiff requires a wheelchair for mobility. Plaintiff has been issued a blue permanent disability Disabled Person Parking Placard by the State of California.  Plaintiff is a disabled person under the California Unruh Civil Rights Act (UCRA) (*see* Cal. Civ. Code §§ 51, *et seq.*, 52, *et seq.*), the Americans with Disabilities Act (ADA) (*see* 42 U.S.C. § 12102, *et seq.*), and other statutory laws which protect the rights of "disabled persons."

2.    Defendant, 6th/Vermont RX Associates, LLC owns/owned the property ("Property") located at 2400 E. Lincoln Ave., Anaheim, CA 92806, at all relevant times.

3.    Defendant 6th/Vermont RX Associates, LLC is a company doing business in Orange County as an owner and operator of residential real property located on the Property known as the "The Barkley Apartments" (hereinafter, "Residential Building").

VERIFIED COMPLAINT

Exhibit 2

4. Defendant, Essex Property Trust, Inc. is a company doing business in Orange County as a manager of residential real property located on the Property known as the "The Barkley Apartments."

5. The Defendants employ individuals who act as the agent of Defendant at the Residential Building. These individuals are also the on-site manager for the Residential Building.

6. This action is brought pursuant to the Fair Housing Amendments Act ("FHAA"), 24 U.S.C. § 3601 et seq., and California anti-discrimination statutes. Plaintiff also asserts a related claim for negligence.

7. Through this action, Plaintiff seeks injunctive relief, statutory penalties, actual and punitive damages, reasonable attorney's fees, and costs of suit.

8. Does 1 through 10 were at all relevant times lessors, lessees, property owners, subsidiaries, parent companies, employers, employees, agents, corporate officers, managers, principles, and/or representatives of Defendants. Plaintiff is unaware of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore, sues those Defendants by fictitious names. Plaintiff requests that the Court grant leave to amend this complaint to allege the true names and capacities when determined by whatever source.

9. Plaintiff alleges that Defendants, at all relevant times, were relevant to this action; were the owners, franchisees, lessees, general partners, limited partners, agents, employees, employers, representative partners, subsidiaries, partner

Exhibit 2

companies, and/or joint ventures of the remaining Defendants; and were acting

within the course and scope of that relationship.  Plaintiff is further informed and

believes and alleges that each of the Defendants gave consent to, ratified, and/or

authorized the acts alleged of each of the remaining Defendants.

10.   Plaintiff alleges that Defendants have discriminated against Plaintiff

based on disability by failing to provide accessible facilities, privileges, and

advantages on the residential property. Plaintiff alleges that the Defendant failed to

provide adequate accessibility features for disabled persons at the Property.

Defendants' facilities do not comply with the ADAS, ADAAG, and/or the

California Building Code ("CBC").

## II.   JURISDICTION & VENUE

11.   This Court has subject matter jurisdiction over this action.  The Court

also has personal jurisdiction over Defendants because Defendants conducted and

continue to conduct their operations in California; Plaintiff's claims arose in

California; and Defendants' residence, dwelling, housing, facility, property, and/or

business is available for occupancy by residents in California.  The access barriers

described by Plaintiff were experienced in California.

12.   Venue is proper in this Court because Defendants conduct substantial

operations in this county, and the real property which is the subject of this action is

located in this county.  Venue is also proper because Plaintiff's cause of action

arose in this county.

VERIFIED COMPLAINT

Exhibit 2

### III. FACTS

13. Defendants owned, operated, and controlled, a residential complex in which Plaintiff resided.

14. Defendants owned and operated this Residential Building, which was dilapidated. It was a slum.

15. Defendants are slumlords. This term, while robust, correctly challenges the bad condition of the Property and accurately describes the Defendants' Property. The original designs are shoddy. The building was incorrectly designed from the outset. The features were never up to code to begin with. The correct and incorrectly designed features of the Residential Building then became damaged inadvertently or vandalized, but were not repaired. Then many features eroded with wear and tear over time, but were not kept up. The accumulation of these failures on the many features of the Residential Building became more and more problematic for the residents, especially the disabled residents like plaintiff.

16. Here are some of the features of discrimination against the disabled at the Residential Building:

17. <u>There are No Ramps Leading Allowing Access to the Sidewalk from the Parking Lot.</u> Once Plaintiff's vehicle is parked in the designated parking lot – which lacks accessibility features such as a disabled parking spot or access aisle for Plaintiff – there is no ramp for Plaintiff to be able to navigate to the path of travel to

Exhibit 2

his apartment. Instead, Plaintiff is forced to navigate his wheelchair between vehicles where his wheelchair is met with a curb over four inches (4") that he must navigate. Sometimes, vehicles are parked in front of the curb, forcing Plaintiff to navigate a path by the trash cans and lifting himself up onto an even higher curb at six inches (6"). Plaintiff is frustrated and embarrassed that he is unable to navigate from the parking lot into the path of travel that leads to his apartment.

18. <u>Plaintiff Encountered Several Heavy, Quick Moving Doors in the Path of Travel to His Apartment.</u> In traversing from the parking center to enter his apartment, once Plaintiff is able to get on the curb, he encounters a gate. This gate is excessively difficult to open as it requires excessive force for Plaintiff to open (over sixteen (16) pounds of pressure) and closes too quickly. This gate also closes too quickly as Plaintiff has approximately three (3) seconds to traverse through the gate. Plaintiff knows that when a gate closes too quickly, Plaintiff is forced to rush his movements, increasing the risk of injury. Plaintiff is then forced to traverse through another, similarly difficult and frustrating gate to be able to enter his unit. The same issues apply to the gate coming from the common area/laundry unit to Plaintiff's unit as well.

19. <u>Plaintiff Encounters Barriers While Attempting to Access the Laundry Room.</u> When Plaintiff attempts to get his laundry done, he is forced to go up a steep slope of approximately ten percent (10%) to enter the laundry room. There are no landings at the top of this ramped area. Plaintiff is immediately forced to enter a

VERIFIED COMPLAINT

Exhibit 2

threshold in excess of an inch and a half (1.5"). Plaintiff is forced to lift his wheelchair while also pushing a heavy door that requires approximately fifteen (15) pounds of pressure to open. This causes Plaintiff great difficulty and frustration as he attempts to wash and dry his laundry.

20.  <u>Plaintiff is Forced to Overcome an Excessive Threshold to Enter His Apartment Unit.</u> Entering Plaintiff's unit, there are two steps, each in excess of an inch (1"). Plaintiff is forced to carefully navigate and lift his wheelchair on those steps each time he wishes to access or leave his unit. This cause Plaintiff great difficulty and frustration when he even needs to go perform nearby tasks, such as laundry or getting the mail.

21.  <u>Plaintiff's Mailbox is Too High.</u> Plaintiff's mailbox happens to be at the top of the mailbox, with the key hole high off the ground. Plaintiff is unable to reach his mailbox, as he is confined to his wheelchair. Defendants have not made any reasonable accommodations to ensure that Plaintiff has access to his mail.

22.  <u>ADA Design Problems.</u> Many areas of the Residential Building do not comply with the building code and architectural requirements of disability access laws. These include lack of accessible paths of travel and surfaces which have impermissible changes in level.

23.  <u>Dilapidated and Damages Features.</u> Many areas of the Residential Building are not only incorrectly designed, but are also damaged, causing additional barriers. These include surfaces which are damaged/distressed.

Exhibit 2

DocuSign Envelope ID: E28C8194-2EEE-443A-B22E-62EBA5D28F54

24.     <u>Incompetent Managers</u>. Defendants have not properly trained managers regarding the rights of disabled persons and compliance with disability access laws, fair housing laws and anti-discrimination laws. Defendants have not hired persons who have knowledge regarding the rights of disabled persons and compliance with disability access laws, fair housing laws and anti-discrimination laws. Defendants have employed on site managers and supervisors who are both incompetent regarding the rights of disabled persons and compliance with disability access laws, fair housing laws and anti-discrimination laws and who intentionally and callously lie and mislead disabled residence regarding their rights. Among other things, Defendants' representatives repeatedly denied Plaintiff a reasonable accommodation.

25.     <u>Mass Non-Compliance with Fair Housing and Anti-Discrimination Statutes</u>. Plaintiff alleges that Defendants have discriminated against Plaintiff based on disability by failing to provide accessible facilities, privileges, and advantages to the residential property and also by failing to provide reasonable accommodations after repeated requests. Plaintiff alleges that Defendant failed to provide adequate accessibility features for disabled persons on the Property. Defendants' facilities do not comply with ADA, ADAAG, and/or the CBC.

26.     <u>Unresponsive to Disabled Residents</u>. Plaintiff also alleges that Defendants do not have a clear process for accepting, processing and responding to requests to make reasonable modifications. Defendants have received complaints

8

VERIFIED COMPLAINT

Exhibit 2

DocuSign Envelope ID: E28C8194-2EEE-443A-B22E-62EBA5D28F54

verbally and in writing from Plaintiff and other disabled residents regarding the accessibility of the Residential Building, however they have been utterly unresponsive to their complaints and requests.

27.    The premises violated applicable California and federal construction-related accessibility standards, including Title 24 of the California Code of Regulations (California Building Standards Code), Part 36 of Title 28 of the Code of Federal Regulations (28 CFR Part 36), the ADA Standards for Accessible Design ("ADAS"), and the ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG").

28.    Defendants did not offer persons with disabilities with equivalent facilities, privileges, and advantages offered by Defendants to other patrons.

29.    Plaintiff encountered barriers, both physical and intangible, that interfered with, and denied, Plaintiff the ability to use and enjoy the goods, services, privileges, and accommodations offered at the Property.

30.    Inaccessible routes of travel, entryways, and other architectural amenities for patrons visiting or residing at the Property are among the facilities, privileges, and advantages offered by Defendants to patrons and residents of the Property.

31.    However, there are (were) inadequate accessibility features for disabled persons at the Property.  Defendants' facilities do not comply with the ADAS, ADAAG, and/or the California Building Code ("CBC").

Exhibit 2

32.     Plaintiff experienced multiple access barriers at the Property, including barriers related to routes of travel, entryways, and other interior and/or exterior areas.[1]

33.     Plaintiff encountered <u>many</u> barriers at Defendants' facilities. The items listed below are just *some* of the many barriers which Plaintiff encountered. There are *more*.

34.     **The property which serves the Barkley apartments has many violations of the ADAAG which are barriers to somebody like Plaintiff. There are problems related to damaged and uneven surfaces. Some of the pavement distresses are from damage (such as cracks in the asphalt), some from bad design or installation (for example uneven pavement). Plaintiff must also navigate through heavy, quickly-closing gates to get from the parking lot to his unit and the common areas to his unit. Plaintiff must also navigate thresholds into the laundry room and his unit that are difficult to maneuver.**

35.     **There are many problems inside the Barkley and many other problems as well, including, by and through the Defendants' policies to refuse to provide reasonable accommodations to disabled persons.**

36.     **The Barkley failed to provide an accessible room. Casa Grande Apartments failed to provide Plaintiff with the reasonable accommodation of**

---

[1] This list of barriers and violations is not exhaustive. There are other barriers which Plaintiff encountered at the defendant's property. This list is not exhaustive or completely inclusive.

DocuSign Envelope ID: E28C8194-2EFE-443A-B22E-62FBA5D28F54

**an accessible room, even though Plaintiff repeatedly requested one and warned the Barkley staff of the risk of injury by continuing to use the steps to get to Plaintiff's unit.**

37.     The ground on and around the Property has pavement distresses. The types of pavement distresses which exist include but are not limited to: alligator (fatigue) cracking; joint reflection cracking; potholes; asphalt bleeding; patching near utilities; block cracking; raveling; stripping; corrugation and shoving; and depressions. These pavement distresses are made worse and exacerbated by design elements which do not follow the ADAAG. These areas should be fixed immediately because they pose a tripping, catching and/or falling hazard. Plaintiff cannot safely and fully enjoy the premises when such conditions are present. These excess changes in level and uneven ground surfaces pose risks to Plaintiff, including that Plaintiff's foot, wheelchair, or other body parts may catch on the uneven ground causing Plaintiff to fall. These abrupt changes in level pose an increased risk of danger to Plaintiff, as Plaintiff is more likely to get caught, trip, slip and or fall than someone without disabilities. The excess changes in level (i.e., uneven ground) denied Plaintiff full and equal use, access, and enjoyment of the Residential Building by making it difficult/harder and more dangerous for Plaintiff to traverse the property/route. The excess changes in level (i.e., uneven ground) also deterred/deters Plaintiff from visiting and the use and enjoyment of the various facilities of the Property because it would be difficult/harder and more dangerous

VERIFIED COMPLAINT

Exhibit 2

for Plaintiff to traverse and travel on and around the property/route.

38.    Plaintiff personally encountered the foregoing barriers on (and the foregoing barriers existed during) during the course of residency.

39.    These inaccessible conditions denied Plaintiff full and equal access, and caused difficulty, humiliation, and/or frustration.

40.    Defendants had actual knowledge that the foregoing architectural barriers prevented access.  Their noncompliance with the ADA Standards, ADA Accessibility Guidelines, and/or the California Building Code was intentional.

41.    Defendants have failed to maintain in working and useable condition those features necessary to provide ready access to persons with disabilities.

42.    Defendants have the financial resources to remove these barriers without much expense or difficulty in order to make their Property more accessible to their mobility impaired residents.  The removal of these barriers is readily achievable.

43.    On information and belief, Plaintiff alleges that Defendants refuse to remove these barriers.

44.    On information and belief, Plaintiff alleges that Defendants' failure to remove these barriers was/is intentional, because the barriers are logical and obvious.  During all relevant times, Defendants had authority, control, and dominion over these conditions; thus, the failure to provide accessible facilities was not a mishap, but rather an intentional act.

Exhibit 2

## IV.   First Cause of Action

## Fair Housing Amendments Act of 1988

## 42 U.S.C. § 3601 et seq.

45.     Plaintiff hereby re-pleads, restates, re-alleges and incorporates by reference all the allegations contained in the preceding paragraphs.

46.     The Fair Housing Amendments Act of 1988 ("FHAA"), 42 U.S.C. § 3601 *et seq.,* prohibits discrimination in the sale, rental, and financing of dwellings, and in other housing-related transactions, based on a number of protected characteristics, including disability.

47.     Plaintiff is, and at all times relevant herein was, an individual with a disability as that term is defined by the FHAA and its implementing regulations (42 U.S.C. § 3602(h); 24 C.F.R. § 100.201).

48.     The units at the Property, including Plaintiff's unit, are covered dwellings subject to the FHAA and its implementing regulations.

49.     In acting as herein alleged, Defendants have injured Plaintiff by committing discriminatory housing practices, in violation of the FHAA and its implementing regulations. Defendants' unlawful conduct under the FHAA includes, but is not limited to:

      a. Discriminating in the terms, conditions or privileges of housing, or in the provision of services or facilities in connection with such housing, 42 U.S.C. § 3604(f)(2);

Exhibit 2

    b.  Refusing to make reasonable accommodations in rules, policies, practices, or services, where necessary to afford Plaintiff equal opportunity to use and enjoy a dwelling, 42 U.S.C. § 3604(f)(3)(B); and

    c.  Failing to engage in an "interactive process" regarding Plaintiff's disability-related needs and request for reasonable modifications.

50.    Plaintiff is an "aggrieved" person within the meaning of the FHAA. 42 U.S.C. § 3602(i)(1).

51.    Defendants' duties under the FHAA are mandatory and long established. Defendants' failure to comply with their fair housing obligations was willful, knowing and/or the product of reckless indifference.

52.    Pursuant to 42 U.S.C. § 3613(c)(1) and (2), Plaintiff prays for judgment as set forth below.

### V.   Second Cause of Action

### California Fair Employment and Housing Act

### California Civil Code §12955 et seq.

53.    Plaintiff hereby re-pleads, restates, re-alleges and incorporates by reference all the allegations contained in the preceding paragraphs.

54.    The California Fair Employment and Housing Act (FEHA), Cal. Civ. Code §12955 *et seq.* prohibits discrimination in the sale, rental, and financing of dwellings, and in other housing-related transactions, based on a number of

Exhibit 2

protected characteristics, including disability.

55.     Plaintiff is, and at all times relevant herein was, an individual with a disability as that term is defined by the California law. Cal. Gov. Code § 12926.

56.     The FEHA was written to conform California law on the subject of fair housing to the Federal Fair Housing Act. Accordingly, an analysis under the FEHA mirrors an analysis under the FHAA.

57.     Defendants' violation of Plaintiff's rights under FHAA, as set out in Plaintiff's First Claim, also violates Plaintiff's rights under FEHA.

58.     Plaintiff is an "aggrieved" person within the meaning of the FEHA. Cal. Gov't Code § 12927(g).

59.     Defendants' duties under FEHA are mandatory and long established. Defendants' failure to comply with their fair housing obligations was willful, knowing and/or the product of reckless indifference.

60.     Defendants have injured Plaintiff in violation of the California Fair Employment and Housing Act by their refusal to make reasonable accommodations in rules, policies, practices, or services when these accommodations are necessary to afford Plaintiff, a disabled person, equal opportunity to use and enjoy the apartment complex.

61.     Defendants have further injured Plaintiff in violation of the California Fair Employment and Housing Act by their refusal to enter into the interactive process with Plaintiff after receiving Plaintiff's request for a reasonable

Exhibit 2

accommodation.

62.    As a proximate result of Defendants' conduct, Plaintiff has been damaged as set forth herein and continues to suffer damages.

63.    Because of Defendants' knowledge that Plaintiff is a disabled person and was, and continues to be, in need of a reasonable accommodation under State law, Plaintiff is entitled to punitive damages pursuant to California Civil Code § 3294.

64.    Pursuant to Cal. Civ. Code § 12989.2, Plaintiff prays for judgment as set forth below.

65.    Plaintiff is further entitled to recover attorney's fees, costs and expert witness fees against Defendants.

## VI.    Third Cause of Action

### California Unruh Civil Rights Act

### California Civil Code § 51 et seq.

68.    Plaintiff hereby re-pleads, restates, re-alleges and incorporates by reference all the allegations contained in the preceding paragraphs.

69.    The Unruh Civil Rights Act ("Unruh Act") provides that individuals with disabilities "are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b).

70.    The Unruh Act applies with full force to the business of renting

VERIFIED COMPLAINT

Exhibit 2

housing accommodations. *Marina Point, Ltd. v. Wolfson*, 30 Cal. 3d 721, 731 (1982).

71.     Defendants are in the business of renting housing accommodations, and therefore must comply with the provisions of the Unruh Act.

72.     The provisions of the Unruh Act protect substantially the same rights as FHAA and are subject to the same analysis.

73.     Defendants' violation of Plaintiff's rights under FHAA, as set out in Plaintiff's First Claim, also violates Plaintiff's rights under the Unruh Act.

74.     Defendants' duties under the Unruh Act are mandatory and long established. Defendants' failure to comply with their fair housing obligations was willful, knowing and/or the product of reckless indifference.

75.     Pursuant to Cal. Civ. Code § 52, Plaintiff prays for judgment as set forth below.

## VII.   Fourth Cause of Action

### California Disabled Persons Act

### California Civil Code § 54.1(b) et seq.

### *(Statutory Damages and Attorney's Fees Only)*

76.     Plaintiff hereby re-pleads, restates, re-alleges and incorporates by reference all the allegations contained in the preceding paragraphs.

77.     The Disabled Persons Act ("CDPA") provides that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the

17

VERIFIED COMPLAINT

Exhibit 2

general public, to all housing accommodations offered for rent, lease, or

compensation in this state, subject to the conditions and limitations established by

law, or state or federal regulation, and applicable alike to all persons." Cal. Civ.

Code § 54.1(b)(1).

78.     The CDPA also provides that "[a] person renting, leasing, or otherwise

providing real property for compensation shall not refuse to permit an individual

with a disability, at that person's expense, to make reasonable modifications of the

existing rented premises if the modifications are necessary to afford the person full

enjoyment of the premises." Cal. Civ. Code § 54.1(b)(3)(A).

79.     Claims under California Civ. Code § 54.1 are analyzed under the same

standards as the analogous provisions of the FHAA. Accordingly, Defendants'

violation of Plaintiff's rights under FHAA, as set out in Plaintiff's First Claim, also

violates Plaintiff's rights under the CDPA.

80.     Defendants' duties under the CDPA are mandatory and long

established. Defendants' failure to comply with their fair housing obligations was

willful, knowing and/or the product of reckless indifference.

81.     Pursuant to the remedies, procedures, and rights set forth in Cal. Civ.

Code § 54.3(a), Plaintiff prays for statutory damages and attorneys' fees.

//

//

Exhibit 2

DocuSign Envelope ID: ...

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1.      Issue an injunction pursuant to the FHAA, FEHA and Unruh Act ordering Defendants to:

      a.  remove the identified barriers to access;

      b.  adopt non-discrimination policies;

      c.  adopt policies and procedures for processing reasonable accommodation and modification requests; and

      d.  train Defendants' on-site management and owners on the housing rights of residents with disabilities and the policies developed pursuant to sections "b" and "c" above;

2.  Award Plaintiff other general, compensatory, and statutory damages in an amount within the jurisdiction of this court;

3.  Award Plaintiff punitive damages according to proof;

4.  Award Plaintiff attorneys' fees, litigation expenses, and costs of suit, as provided by law; and

5.  Award such other and further relief as the Court may deem just and proper.

DocuSign Envelope ID: E28C310A-25F5-449A-922F-62F9A5D2AE54

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated:  August 2, 2023

THE LAW OFFICE OF HAKIMI & SHAHRIARI

By: *Cody R. Cooper*

CODY R. COOPER, ESQ.
Attorney for Plaintiff, Jose Perales

20
VERIFIED COMPLAINT

Exhibit 2

DocuSign Envelope ID: 828C8104-255D-41BA-92AF-62F9A5D28F54

1

2

## **VERIFICATION**

3

4      I, Jose Perales, am the plaintiff in the above-entitled action.  I have read the

5   foregoing complaint and know the contents thereof.  The same is true of my own

6

7   knowledge, except as to those matters which are therein alleged on information and

8   belief, and as to those matters, I believe it to be true.

9      I declare under penalty of perjury under the laws of the State of California

10

11   that the foregoing is true and correct.

12   Dated: August 2, 2023

13

14                                            DocuSigned by:

                                             *Jose Perales*
                                             3F2C29C555E84CD...

15                                               Jose Perales, Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 2